Conway B, J. In April 1839, Charles H. Pelham obtained a judgment in the Marion circuit court against Jesse N. Everett. On the 21st of May 1842 he sued out a writ of garnishment on this judgment against Alexander and William Moreland as garnishees. The writ was made returnable the first day of the succeeding October term and the sheriff executed it on its return day. The same day Pelham filed with the clerk his allegations and interrogatories against the garnishees. At the April term of the court 1845, garnishees were called, and making default and having failed to answer, Pelham took judgment against them for the amount of his judgment against Everett, and the garnishees have brought the case here by writ of error. ■The first objection raised by plaintiffs, is, that the writ of garnishment issued against them without a sufficient showing of a joint liability, and the case of Thorn & Robins vs. Woodruff et al. 5 Ark. R. 55, is referred to as authority in point. That case however was but little analogous to the present. Though the writ was joint, the allegations and interrogatories, and the defence were several. In this case, the writ, allegations and interrogatories are all joint, and shovv a joint indebtedness, and a joint possession of goods, chattels, &.e. and no defence was made. We conceive therefore that the garnishor did evpry thing necessary for him tp dp to show the joint liability of the garnishees. The plaintiffs contend in the next place that service o.f the'writ qn’therp as garnishees was void, because it was executed on the return day thereof. We can perceive np reason why a writ of garnishment should lose its force and efficacy sooner than any ,other writ. Others, it is settled, are in life and force until the expiration ,of their return days. The levy of an execution on its return day is good. Vail vs. Lewis & Livingston, 4 Johns. R. 450, and service of a latitat at eight oclock in the morning of its return day was held good. Robertson vs. Douglas, 1 D. & E. 191. In one case it was held a good service at eleven on the night of the return day of the writ. Wepburn & Neale cited in Bur. 813. From reason and analogy, therefore, we think the service of the writ regular and valid, and its not being executed ten days before the return day thereof but entitled the garnishees tp a continuance. The objection that in reciting the premises for the judgment against t,he garnishees, the day of the month on which the jugdment w.^s rendered against Everett was mistaken, does not merit grave consideration. It is obviously a mere misprision of the clerk and is immaterial. If it were otherwise., however, it would .be unavailing to the plaintiffs ; for it is an error that in np wise'affects their interests. The plaintiffs also contend that the record must show the filing tpf the allegations and interrogatories, The statute does not require them to be filed in court, and consequently it is not necessary that their filing should appear on the record. They may be filed with the clerk any time after the issuance of the writ, and before the ¡expiration of its return day. Rev. St. 425, sec. 3. Plaintiffs farther insist that the suit was discontinued by not being regularly entered on the record and continued from term to term. The statute expressly provides that no suit or cause shall ‘£be discontinued or abated by the failure of any term or session of any court, nor by the failure to enter continuance on the record, but the same shall be continued and proceed as if no such failure had happened. Rev. St. 234. We have been unable to detect any material error in the judgment and proceedings of the circuit court. The judgment is therefore affirmed.